UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON GRANITE AND MARBLE CENTER, LLC, § § | | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

COMES NOW Defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") and files this Notice of Removal pursuant to 28 U.S.C. §1446(a) on the basis this Court has jurisdiction of the removal action pursuant to 28 U.S.C. § 1332 and in support, would respectfully show the Court the following:

### I.
### Removal is Timely

1.1. On November 25, 2015, Plaintiff Houston Granite and Marble Center, LLC ("Houston Granite") filed its Original Petition in the matter styled *Houston Granite and Marble Center, LLC v. Mesa Underwriters Specialty Insurance Company,* Cause No. 2015-71426, in the 333rd Judicial District Court of Harris County, Texas.[1] The petition was served on MUSIC's agent on December 22, 2015.[2]

1.2. Defendant MUSIC files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely.

---

[1] A true copy of the Plaintiffs' Original Petition is attached hereto as Exhibit 1.
[2] *See* Exhibit 2 – Service Affidavit.

## II.
## Diversity of Citizenship

2.1   Removal is proper under 28 U.S.C. § 1332(a)(1) because there is currently a complete diversity of citizenship and complete diversity existed on the date the State court case was filed.

2.2   Plaintiff Houston Granite is a limited liability corporation formed in the State of Texas, with its principal place of business in the State of Texas.[3]  Upon information and belief, the two members of Houston Granite are John Sykoudis and Mahavir Irrevocable Trust.[4] Upon information and belief, Mr. Sykoudis is a citizen of the State of Texas. Upon information and belief, Pradeep Chheda is the trustee for Mahavir Irrevocable Trust. Upon information and belief, Mr. Chheda is a citizen of the State of Texas. Therefore, for purposes of diversity, Houston Granite is a corporate citizen of Texas.  *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009) *citing Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) ("citizenship of a trust is that of its trustee"); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (the citizenship of an LLC is determined by the citizenship of all of its members).

2.3   Defendant MUSIC is an insurance company incorporated in the state of New Jersey, with its principal place of business in the state of New Jersey.

## III.
## Venue is Proper

3.1   Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. §§ 124(b)(2) and 1446(a) because all or a substantial

---

[3] *See* Exhibit 7 – certified copy of Houston Granite's Annual Certificate Limited Liability Companies filed with the Texas Secretary of State.
[4] *See* Exhibit 8 – certified copy of Houston Granite's Certificate of Formation, filed with the Texas Secretary of State.

part of the events giving rise to Plaintiff's claims allegedly occurred in Harris County, Texas, and the Southern District of Texas, Houston Division, encompasses Harris County, Texas.

## IV.
## Amount in Controversy

4.1     Plaintiff's suit arises out of a dispute regarding an insurance claim for payment following damage to Plaintiff's inventory in Harris County, Texas.  Plaintiff alleges violations of the Texas Insurance Code, breach of contract, negligence, and fraud. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4.2     In determining the amount in controversy, the Court may consider "policy limits and potential attorney's fees . . . penalties, statutory damages, and punitive damages," when the insurer could be liable for those sums under state law. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff alleges that MUSIC breached the insurance policy issued to Plaintiff, which has limits of $200,000.00.[5] Moreover, although Plaintiff alleges that its actual damages are $61,384.14[6] and that it is seeking monetary relief of over $50,000.00, but less than $75,000,[7] the jurisdictional amount of a federal court, Plaintiff is also seeking exemplary damages for fraud,[8] attorney's fees,[9] and statutory penalties, including eighteen percent of the amount determined payable.[10] Plaintiff neglects to mention in its petition that it may be awarded three times actual damages for alleged violations of the insurance code. *See* TEX. INS. CODE § 541.152(b). Given the policy involved in Plaintiff's claim, the nature of Plaintiff's claims, and the types of damage sought and that may be awarded, including, but not limited to, three times $61,384.14, the amount in controversy easily exceeds the federal

---

[5] *See* Exhibit 9, p. 68 - MUSIC policy, bearing number SC0063036003514, effective October 10, 2013 through October 10, 2014.
[6] Exhibit 1, p. 2, para. 4.4.
[7] *Id*. at p. 7, para 11.1.
[8] *Id*. at p. 7, para. 11.2.
[9] *Id*. at p. 8, para. 12.1-12.3.
[10] *Id*. at p. 8, para. 13.1-13.2.

jurisdiction minimum of $75,000.

4.3 Further, Plaintiff's stated relief should not prevent MUSIC from seeking federal jurisdiction as it does not conform to Texas law which does not permit a statement for damages of over $50,000.00, but less than $75,000, as Plaintiff has done. *See* TEX. R. CIV. P. 47(c).[11] As a result, Plaintiff's "statement of relief" is nothing more than a thinly veiled effort to avoid federal jurisdiction and should not be permitted.

4.4 Additionally, the Fifth Circuit recognized that there exists "the potential for abusive manipulative by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of their pleading." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). It is legally possible for Plaintiff to obtain a recovery of at least $75,000 based on the policy's limits of $200,000. The Fifth Circuit has reiterated that, apart from relying on state law placing a ceiling on recovery, plaintiffs may prevent removal to a federal court by submitting a binding stipulation or affidavit regarding the amount in controversy. *See id.* at 1412 (litigants who wish to prevent removal by showing a legal certainty may file a binding stipulation or an affidavit with their petition); *see also Mokhtari v. Geovera Specialty Ins. Co.*, 2015 WL 2089772, at *1 (S.D. Tex. May 4, 2015). However, Plaintiff failed to do this and there is no state law that pertains to Plaintiff's suit that would limit its recovery to below $75,000. Therefore, it is not a legal impossibility for Plaintiff to recover $75,000 or more.

---

[11] Parties may seek relief in a petition as follows:
  (1) only monetary relieve of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
  (2) monetary relief of $100,000 or less and non-monetary relief; or
  (3) monetary relief over $100,000 but not more than $200,000; or
  (4) monetary relief over $200,000 but not more than $1,000,000; or
  (5) monetary relief over $1,000,000; and . . .

4.5 Plaintiff is clearly attempting to manipulate jurisdiction in this case. Plaintiff has failed to provide any kind of stipulation that the amount in controversy, including damages and attorney's fees, is under $75,000. It is reasonable to infer that the damages Plaintiff seeks exceed $75,000, especially considering that plaintiff's policy has coverage limits of $200,000. As such, Plaintiff's Original Petition does not constitute a binding stipulation as contemplated by *De Aguilar* and it should not be determinative of the amount in controversy.

## V.
## The Removal is Procedurally Correct

5.1 Pursuant to 28 U.S.C. §1446(a), the Plaintiff's Original Petition, as well as the process served upon MUSIC, and MUSIC's Answer are included in the index attached hereto as Exhibit 5.

5.2 Pursuant to 28 U.S.C. §1446(d), promptly after MUSIC files this Notice, written notice of the filing will be given to Plaintiff Houston Granite, the adverse party.

5.3 Pursuant to 28 U.S.C. §1446(d), promptly after MUSIC files this Notice of Removal, a true and correct copy will be filed with the Clerk of the Harris County District Court.

5.4 Pursuant to this Court's Local Rule 81, the following is attached:

    (1) all executed process in the case;

    (2) pleadings asserting causes of action and all answers to such pleadings;

    (3) all orders signed by the state judge (none);

    (4) the docket sheet

    (5) an index of matters being filed; and

    (6) a list of all counsel of record, including addresses, telephone numbers and parties represented.

## VI.
## Relief Requested

6.1     Because the amount in controversy exceeds $75,000, and because complete diversity of citizenship exists as to Plaintiff and Defendant, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the action is properly removed pursuant to 28 U.S.C. § 1441.

6.2     Defendant MUSIC respectfully requests that the United States District Court for the Southern District of Texas, Houston Division, accept and file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi – Attorney-In-Charge
SBN 24041468
Southern District Bar No. 38607
StephenM@tbmmlaw.com
Aaron G. Stendell
SBN 24073062
Southern District Bar No. 2175505
AaronS@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR DEFENDANT
MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

This is to certify that on January 20, 2016, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure on the following counsel of record:

David P. Havins
THE HAVINS LAW FIRM, L.P.
6750 West Loop South, Suite 800
Bellaire, Texas 77401
713-665-6818 (fax)

*Attorney for Plaintiff*

>  */s/ Stephen A. Melendi*
>  Stephen A. Melendi