United States District Court
Southern District of Texas

**ENTERED**

July 25, 2016

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON GRANITE & MARBLE CENTER, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-173 |
| | § | |
| MESA UNDERWRITERS SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Houston Granite and Marble Center, LLC's ("Houston Granite") first amended motion to non-suit without prejudice. Dkt. 16. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

On November 25, 2015, Houston Granite filed this insurance coverage dispute in the 333rd Judicial District Court of Harris County, Texas. Dkt. 1-1. On January 20, 2016, defendant Mesa Underwriters Specialty Insurance Company ("Mesa") removed the case to this court. Dkt. 1. On February 1, 2016, Mesa answered. Dkt. 6. On June 9, 2016, Houston Granite filed the pending motion to non-suit without prejudice. Dkt. 16. On June 15, 2016, Mesa responded, requesting that particular conditions be imposed on the dismissal. Dkt. 18. On June 27, 2016, Houston Granite filed a reply. Dkt. 19. The motion is now ripe for disposition.

### II. LEGAL STANDARD

Where the defendant has filed an answer, a plaintiff may voluntarily dismiss an action only

by obtaining a court order under Federal Rule of Civil Procedure 41(a)(2). Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) permits the court to grant the dismissal "on terms that the court considers proper." *Id.* A dismissal under Rule 41(a)(2) is ordinarily without prejudice, unless the court orders otherwise. *Id.* "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The additional expense associated with re-litigating issues in another forum generally does not support a finding of "plain legal prejudice." *Id.* at 317 n.3; *see also Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, No. 3:08-CV-1724-D, 2010 WL 3565232, at *2 (N.D. Tex. Sept. 8, 2010) (holding that "plain legal prejudice" may exist where the non-movant is stripped of an otherwise available defense or the movant seeks dismissal at a late stage of the case). Similarly, "the fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice to justify denying a motion for voluntary dismissal." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (quoting *Gross v. Spies*, 133 F.3d 914 (4th Cir. 1998)).

Rule 41(a)(2) permits the court to impose certain terms as conditions of the dismissal. Fed. R. Civ. P. 41(a)(2). The court generally imposes conditions in order to protect the defendant. *Tex. Midstream Gas Servs.*, 2010 WL 3565232, at *2. However, the court should not impose conditions beyond those necessary to alleviate the harm caused to the defendant. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604–05 (5th Cir. 1976). If the plaintiff determines that the conditions imposed by the court are too onerous, the plaintiff ordinarily has the option to refuse the voluntary dismissal and proceed with its case, provided this option is exercised within a reasonable period of time. *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990).

2

### III. ANALYSIS

Houston Granite seeks to non-suit this case because its president has recently undergone triple by-pass heart surgery and has been unable to respond to discovery or assist in prosecuting the case. Dkt. 16 at 1. Further, Houston Granite notes that its president is a material witness in this case. *Id.* In response, Mesa has not strictly opposed Houston Granite's motion but has asked that the non-suit be granted with three conditions: (1) Houston Granite must reimburse Mesa for its expenses incurred in defending this lawsuit, including attorney's fees; (2) if Houston Granite re-files this lawsuit, it must re-file in the Southern District of Texas; and (3) if Houston Granite re-files this lawsuit, it must fully comply with Mesa's requests for production and first set of interrogatories. Dkt. 18 at 1.

The court finds that Houston Granite has provided an adequate justification to non-suit the case. Further, the court notes that Mesa has raised no argument that non-suit would be improper. Therefore, Houston Granite's motion to non-suit without prejudice is GRANTED. The court will now consider the conditions requested by Mesa.

### A. Costs and Attorney's Fees

Mesa requests that Houston Granite reimburse it for its costs and attorney's fees associated with this litigation. Dkt. 18 at 1. Imposition of costs and attorney's fees are permissible conditions of a voluntary dismissal. *Bechuck*, 814 F.3d at 298. Generally, the court "at least should require that the plaintiff pay the costs of the litigation," and this condition "has become commonplace." *Tex. Midstream Gas Servs.*, 2010 WL 3565232, at *4 (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2366 (3d ed. 2008)). The court is aware of no reason why costs should not be awarded in this case. Accordingly, the court ORDERS that Houston Granite pay Mesa's taxable costs of court.

By contrast, attorney's fees "are not always justified, and the circumstances of the particular case will dictate when they should be awarded." *Id.* Here, Mesa has articulated no reason why attorney's fees should be awarded, apart from the fact that it incurred those fees and would incur more fees if Houston Granite later re-filed this case. Dkt. 18 at 4. However, these circumstances are present in every case and cannot alone justify an award of attorney's fees. *See Tex. Midstream Gas Servs.*, 2010 WL 3565232, at *4 (declining to condition voluntary dismissal on plaintiff's payment of defendant's attorney's fees where defendant had made a conclusory request for attorney's fees but had articulated no case-specific rationale). Therefore, the court finds that Mesa should not be awarded attorney's fees.

## B. Re-filing Restriction

Mesa requests that, if Houston Granite wishes to re-litigate this case, it be required to file the case in the Southern District of Texas. A re-filing restriction of this kind is a "rare" condition. *See Bechuck*, 814 F.3d at 298 n.24 (noting that very few cases have imposed a condition limiting the plaintiff's right to re-file to a specific forum). This type of condition is rare because the intended effect of a voluntary dismissal is to "put the plaintiff in a legal position as if he had never brought the first suit. Therefore, the plaintiff is free to return to the dismissing court or other courts at a later date with the same claim." *Id.* at 293 (citation omitted). A re-filing restriction, by contrast, does "not return [the plaintiff] to the same legal position that he occupied before suit." *Id.* Although the Fifth Circuit in *Bechuck* declined to decide when a re-filing restriction would be appropriate, it suggested that a re-filing restriction may be warranted where the defendant has already been granted a venue transfer on *forum non conveniens* grounds or where the plaintiff has a "repeated history of vexatious forum shopping." *Id.* at 299.

4

Mesa argues that a re-filing restriction is appropriate in this case because Mesa "spent considerable time and expense removing Houston Granite's state court claim to this District." Dkt. 18 at 5.  However, Houston Granite never filed a motion to remand challenging Mesa's removal of the case.  Therefore, Mesa did little more than file a notice of removal.  This case cannot be equated with the situation suggested by the *Bechuck* court, where the defendant has been put to the expense of fully litigating and receiving a venue transfer on *forum non conveniens* grounds.  The court is not convinced that the mere filing of a notice of removal is sufficient to establish that this case is the rare case where a re-filing restriction is appropriate.  *See Bechuck*, 814 F.3d at 299 (holding that the possibility that the plaintiff may gain a tactical advantage by re-filing the case in a different forum does not justify the imposition of a re-filing restriction).  Therefore, no re-filing restriction will be imposed.

### C.  Discovery Conditions

Mesa requests that, if Houston Granite wishes to re-litigate this case, it be required to comply with Mesa's requests for production and first set of interrogatories.  Dkt. 18 at 1.  However, Houston Granite states that it will "continue to supplement discovery responses," and "will make a good faith attempt to voluntarily provide [Mesa] with ample documentation, including financial balance sheets, financial statement[s] and statements of financial condition on the date of loss to enable [Mesa] to evaluate [Houston Granite's] claim prior to re-litigation." Dkt. 19 at 1–2.  Therefore, the court does not find that discovery conditions are necessary.

## IV. CONCLUSION

Houston Granite's motion to non-suit (Dkt. 16) is GRANTED.  Houston Granite's claims are DISMISSED WITHOUT PREJUDICE.  Costs are taxed against Houston Granite.

Signed at Houston, Texas on July 25, 2016.

_____
Gray H. Miller
United States District Judge